WILLIAM H. GOODGEON *vs.* ELIZABETH A. STUART *et al.*

JANUARY 28, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a bill for partition of real estate. The property has been sold and the proceeds are held in the registry of the Superior Court pending the determination of the respective shares of the parties. Such determination involves the construction of the will of the late Charles H. Childs. The Superior Court in accordance with provisions of Sec. 35, Chap. 339, G. L. 1923, certified the cause to this court for determination.

By said will Charles H. Childs devised an undivided one-half interest in said real estate in trust to pay the income therefrom to his widow, Abigail G. Childs, during her lifetime and upon her death equally to his four children, Charles H. Childs, Jr., Arvedina H. Childs, Clara T. Childs and William H. Childs, during their respective lives, and upon their respective deaths to divide the principal of their shares among such of their respective children, if more than one, as should survive the testator and his, her and their heirs and assigns forever, and in case any of the said children should die without leaving children or issue living at his or her decease, then to hold his or her share original as well as

accruing upon the trusts declared concerning the other shares, and, "in case of the failure of all the limitations and objects of the preceding trusts In Trust for my own right heirs forever."

The widow has deceased, and all four children died intestate, unmarried and without issue. There being a failure "of all the limitations and objects of the preceding trusts" the estate belongs to the testator's "right heirs".

The question is whether by the limitation "own right heirs forever" the testator intended to designate (1) the persons who were his legal heirs at the time of his death, namely, his four children; or (2) the persons who would have been his heirs had he deceased at the time of the death of his last surviving child.

If it was the testator's intention that his "heirs" should be determined as of the date of his death, his four children took vested interests which were subject to being divested. If his "heirs" are to be determined as of the date of the decease of his last surviving child such "heirs" take only contingent interests.

It has been frequently stated that "the law favors the vesting of estates, and if the intention be doubtful a legacy will, if possible, be held to be vested rather than contingent." *In Re Norris*, 46 R. I. 57.

At the present time the terms "right heirs" and "heirs" are synonymous. *Kenyon, Petitioner*, 17 R. I. 149, 163; 29 C. J. 344. An heir is one on whom the local law of descent casts the inheritance on the ancestor's death. 29 C. J. 291. The testator's heirs, speaking technically, were his four children. The testator uses the word "heirs", a word which has a well-known legal meaning, and, unless something appears to clearly indicate a different intention, it must be presumed that he used the word in its ordinary legal sense.

In *Stokes* v. *Van Wyck*, 83 Va. 724, a testator devised real estate to his daughter for life, remainder in fee to her issue, and in default thereof to his own right heirs. At the testator's death said daughter was his only heir. It was held

that the daughter took a vested remainder which would have been divested if she had left issue.

In *Kenyon, Petitioner, supra,* A devised his entire estate to B for and during the life of C, the son of A, in trust for C and after the death of C all property in trust to testator's own "right heirs". It was held that C, who was the sole heir of A at his death, took a vested remainder in fee. The court said at page 159: "The great obstacle to the construction contended for by the heirs at law is, that the estate was given by the testator in remainder to his 'own right heirs,' and the son alone answered to that description at the testator's death." The same question was presented in *Oulton v. Kidder,* 128 A. 674. There the testatrix devised and bequeathed the income from residue to her brother for life. The will then provides: "and after his decease I give, devise and bequeath the same to . . . my legal heirs." It was held that the heirs were to be determined as of the testatrix's death and that they took vested interests. In the following decisions, either from the language of the will alone or from such language interpreted in connection with the facts existing at the time of the making of the will and known to the testator, the court found that the testator used the word "heirs" not in the legal sense but to designate persons who would have been his heirs had he deceased at the happening of some event which could occur only after his death. *De Wolf v. Middleton,* 18 R. I. 810; *Tyler, For an Opinion,* 30 R. I. 590; *Taber v. Talcott,* 40 R. I. 338; *Dorrance v. Greene,* 41 R. I. 444.

In the case before us nothing appears which indicates that the testator did not use the word "heirs" in the ordinary legal sense. If there could be any doubt as to the testator's intention there is no difficulty in applying the rule that the law favors the vesting of estates and that a legacy will, if possible, be held vested rather than contingent. We hold that the testator, by the final limitation to his "own right heirs forever" intended to designate the persons who were his legal heirs at the time of his death and that his four

children thereby took interests which vested at the time of his death. These interests might have been divested but as events happened were not.

The final phrase of the clause under construction is "In Trust for my own right heirs forever." The language creates a mere dry or passive trust and the testator's heirs take the estate discharged from the trust. No discretion is reposed in or duties imposed upon a trustee and if the legal title remained in a trustee he would hold it for no purpose. In such cases the Statute of Uses vests the legal estate in the *cestui*. "It is immaterial by what words a trust is created, if it imposes no active duties on the trustee, the statute of uses executes it immediately. So where property is transferred to one for the use of or in trust for another and nothing more is said, the legal estate joins the beneficial interest and rests in the *cestui que trust*." 26 R. C. L. 1173. See also *Guild* v. *Allen*, 28 R. I. at 437, 438.

The parties may present a form of decree in accordance with this opinion.

*Edward A. Stockwell*, for complainant.

*Edwards & Angell, Edward P. Jastram, Gurney Edwards*, for respondent.

*Edward DeV. O'Connor, Edward G. O'Connor*, for respondent Eaton.